B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**TIERONE CORPORATION, a Wisconsin Corporation** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**04-3638672** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**1235 N STREET**<br>**LINCOLN, NE 68508**<br><br>ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):<br><br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**LANCASTER** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br>_BANK HOLDING COMPANY_<br>**Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ☑ Chapter 7    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12    ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13<br><br>**Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☑ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☑ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☑ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): **TIERONE CORPORATION** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form) 1 (4/10)                                                                                                          Page 3

| **Voluntary Petition** <br> *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** <br> TIERONE CORPORATION |
|---|---|

Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of Attorney***

X *James A. Overcash*
Signature of Attorney for Debtor(s)
James A. Overcash & Joseph H. Badami
Printed Name of Attorney for Debtor(s)
Woods & Aitken LLP

Firm Name
301 S. 13th Street, Suite 500
Lincoln, NE 68508

Address
(402) 437-8500
Telephone Number  6-24-10

_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual
James A. Laphen
Printed Name of Authorized Individual
Director
Title of Authorized Individual  6-23-10

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

In re   TIERONE CORPORATION                    ,          )          Case No. _____

                         Debtor                           )

                                                          )
                                                              Chapter 7
                                                          )   Chapter 11

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  000-50015                 .

2. The following financial data is the latest available information and refers to the debtor's condition on  June 4, 2010         .

| | | |
|---|---|---|
| a. Total assets | $ | See Attached |
| b. Total debts (including debts listed in 2.c., below) | $ | |

c. Debt securities held by more than 500 holders:

|  |  |  |  |  | Approximate number of holders: |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ | |

d. Number of shares of preferred stock

e. Number of shares common stock

Comments, if any:

See attached internal Balance Sheet for book values. Remaining information is believed to be in the possession of the Federal Deposit Insurance Corporation. Investment in TierOne Bank as well as other assets may have no current value.

3. Brief description of debtor's business:  _____

Bank holding company

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:  _____

Information is believed to be in the possession of the Federal Deposit Insurance Corporation.

# TierOne Corporation
## Balance Sheet
### June 4, 2010

ASSETS:

| | | |
|---|---:|---|
| Cash in bank | 903,872.95 | 1552-0 |
| Investment in TierOne Bank [1] | 402,408,153.65 | 1402-0 |
| Undistributed Earnings of TierOne Bank | (324,617,231.94) | 1402-1 |
| Investment in TierOne Capital Trust 1 | 649,952.67 | 1404-5 |
| Equity in Unrealized Gain (Loss) On AFS | 99,632.68 | 1402-2 |
| Note Receivable - TierOne Bank | 1,315,543.13 | 1484-0 |
| Accrued Interest Receivable - TierOne Bank Note | 283.21 | 1485-5 |
| Pre-Paid Federal & State Income Taxes | 645,965.00 | 1929-0 |
| Valuation Allowance for Fed Tax Credit Carryforward | (645,965.00) | 1929-5 |

| | | |
|---|---:|---|
| TOTAL ASSETS | 80,760,206.35 | |

LIABILITIES:

| | | |
|---|---:|---|
| Jr. Subordinated Debt - TierOne Capital Trust 1 | 30,928,000.00 | 2310-0 |
| Accrued Interest Payable - Jr. Subordinated Debt - TierOne | 2,170,939.68 | 2443-5 |
| Account Payable | 50,000.00 | 2430-0 |
| State Income Taxes Payable | 12,123.00 | 2711-0 |
| Pre-Paid State Income Tax Estimates - Neb | (12,123.00) | 2711-2 |

| | | |
|---|---:|---|
| TOTAL LIABILITIES | 33,148,939.68 | |

SHAREHOLDERS' EQUITY:

| | | |
|---|---:|---|
| Capital Stock | 225,750.75 | 7740-0 |
| Paid In Capital | 365,707,551.71 | 7741-0 |
| Treasury Stock | (105,207,059.29) | 7742-0 |
| Unearned ESOP Shares | (6,772,560.00) | 7741-5 |
| Dividends Paid | (18,970,091.98) | 7746-0 |
| Unrealized Gain (Loss) on AFS | 99,632.68 | 7750-0 |
| Retained Earnings | (187,471,957.20) | 7745-0 |

| | | |
|---|---:|---|
| TOTAL SHAREHOLDERS' EQUITY | 47,611,266.67 | |

| | | |
|---|---:|---|
| TOTAL LIABILITIES & SHAREHOLDERS' EQUITY | 80,760,206.35 | |

0.00

1  TierOne Bank in Receivership with Federal Deposit Insurance Corporation, and thus the
   value, if any, is controlled by the Receivership.

Official Form 2
6/90

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, [the president *or* other officer *or* an authorized agent of the corporation] [*or* a member *or* an authorized agent of the partnership] named as the debtor in this case, declare under penalty of perjury that I have read the foregoing [list *or* schedule *or* amendment *or* other document (describe)] and that it is true and correct to the best of my information and belief.

Date _____ 6-23-10 _____

Signature _____

James A. Laphen, Director
_____
(Print Name and Title)

## UNANIMOUS WRITTEN CONSENT IN LIEU OF MEETING
## OF THE BOARD OF DIRECTORS OF TIERONE CORPORATION

The undersigned, being all of the directors of TierOne Corporation, a Wisconsin Corporation ("Company"), hereby waive any otherwise required notice of meeting and consent to the adoption of the following resolutions. These resolutions shall have the same force and effect as if adopted at a regular special meeting of the Directors of the Company as provided under the Company's Articles and By-laws as well as pursuant to law.

WHEREAS, it is in the best interest of the Company to file a voluntary petition in the bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code;

BE IT RESOLVED, that it is in the best interest of the Company to file a voluntary petition in the United States Bankruptcy Court for the District of Nebraska pursuant to Chapter 7 of Title 11 of the United States Code.

BE IT FURTHER RESOLVED, that James Laphen and Charles Hoskins, or either of them, are authorized and directed to execute and deliver all documents necessary to perfect the filing of a voluntary bankruptcy case on behalf of the Company pursuant to Chapter 7 of Title 11 of the United States Code.

BE IT FURTHER RESOLVED, that James Laphen and Charles Hoskins, or either of them, are authorized and directed to make all decisions related to all bankruptcy proceedings, including but not limited to transferring funds of the Corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Company in connection with such bankruptcy proceedings.

Date: 6/14/10

James A. Laphen, Member Board of Directors

Date: 6-14-10

Charles W. Hoskins, Member Board of Directors

Date: 6/14/10

Campbell R. McConnell
Dr. Campbell R. McConnell, Member Board of Directors

Date:

Joyce Person Poeras, Member Board of Directors

## UNANIMOUS WRITTEN CONSENT IN LIEU OF MEETING
## OF THE BOARD OF DIRECTORS OF TIERONE CORPORATION

The undersigned, being all of the directors of TierOne Corporation, a Wisconsin Corporation ("Company"), hereby waive any otherwise required notice of meeting and consent to the adoption of the following resolutions. These resolutions shall have the same force and effect as if adopted at a regular special meeting of the Directors of the Company as provided under the Company's Articles and By-laws as well as pursuant to law.

WHEREAS, it is in the best interest of the Company to file a voluntary petition in the bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code;

BE IT RESOLVED, that it is in the best interest of the Company to file a voluntary petition in the United States Bankruptcy Court for the District of Nebraska pursuant to Chapter 7 of Title 11 of the United States Code.

BE IT FURTHER RESOLVED, that James Laphen and Charles Hoskins, or either of them, are authorized and directed to execute and deliver all documents necessary to perfect the filing of a voluntary bankruptcy case on behalf of the Company pursuant to Chapter 7 of Title 11 of the United States Code.

BE IT FURTHER RESOLVED, that James Laphen and Charles Hoskins, or either of them, are authorized and directed to make all decisions related to all bankruptcy proceedings, including but not limited to transferring funds of the Corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Company in connection with such bankruptcy proceedings.

Date: _____        _____
                             James A. Laphen, Member Board of Directors

Date: _____        _____
                             Charles W. Hoskins, Member Board of Directors

Date: _____        _____
                             Dr. Campbell R. McConnell, Member Board of Directors

Date: June 14, 2010          _____
                             Joyce Person Poeras, Member Board of Directors

# United States Bankruptcy Court

In re  TIERONE CORPORATION      ,

            Debtor

Case No. _____

Chapter  7 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 3 | $ 2,168,872.95 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ unknown | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 4 | | $ unknown | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $ 1,500.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $ |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $ |
| TOTAL | | 13 | $ 2,168,872.95 | $ 1,500.00 | |

# United States Bankruptcy Court

In re  TIERONE CORPORATION          ,          Case No. _____
          Debtor

          Chapter  7_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

State the following:

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | $ |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

In re  TIERONE CORPORATION                    ,                    Case No. _____
                    **Debtor**                                                        **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |

                                                      Total➤ |       0.00 |

(Report also on Summary of Schedules.)

In re  TIERONE CORPORATION                     ,          Case No. _____
            **Debtor**                                                        (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Checking Account #01-00110023 TierOne Bank, n/k/a Great Western Bank | | 853,872.95 |
| 2. Checking, savings or other finan-cial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and home-stead associations, or credit unions, brokerage houses, or cooperatives. | | | | |
| 3. Security deposits with public util-ities, telephone companies, land-lords, and others. | | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | | | |
| 6. Wearing apparel. | | | | |
| 7. Furs and jewelry. | | | | |
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | | | |
| 10. Annuities. Itemize and name each issuer. | | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re  TIERONE CORPORATION                              ,          Case No. _____
              Debtor                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Investments in TierOne Bank | | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | | | | |
| 16. Accounts receivable. | | Note dated 7/21/2009 from TierOne Bank | | 1,315,000.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Tax allocation agreement between TierOne Bank and TierOne Coporation (Total Value $26,000,000) | | Unknown |

In re   TIERONE CORPORATION                    ,          Case No. _____
        Debtor                                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | | | |
| 26. Boats, motors, and accessories. | | | | |
| 27. Aircraft and accessories. | | | | |
| 28. Office equipment, furnishings, and supplies. | | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | | | |
| 30. Inventory. | | | | |
| 31. Animals. | | | | |
| 32. Crops - growing or harvested. Give particulars. | | | | |
| 33. Farming equipment and implements. | | | | |
| 34. Farm supplies, chemicals, and feed. | | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | | | | |

_____ continuation sheets attached          Total ➤          | $ | 2,168,872.95 |

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

B 6C (Official Form 6C) (04/10)

In re TIERONE CORPORATION                  ,          Case No. _____
                Debtor                                        (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:      ☐  Check if debtor claims a homestead exemption that exceeds
*(Check one box)*                                                       $146,450.*
☐  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| NONE | | | |

\* *Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

In re  TIERONE CORPORATION          ,          Case No. _____
       **Debtor**                                              **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| Federal Deposit Insurance Corporation Receiver: TierOne Bank 1601 Bryan Street Dallas TX 75201 | | | | | | | Unknown | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | | | | | | |
| | | | VALUE $ | | | | | |

| ____ continuation sheets attached | Subtotal ► (Total of this page) | | $ | $ |
|---|---|---|---|---|
| | Total ► (Use only on last page) | | $        unknown | $ |
| | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6E (Official Form 6E) (04/10)

In re  TIERONE CORPORATION           ,                    Case No._____
                    Debtor                                        *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6E (Official Form 6E) (04/10) – Cont.

In re   TIERONE CORPORATION                         ,        Case No._____
                    Debtor                                                *(if known)*

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

* *Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

2   continuation sheets attached

In re <u>TIERONE CORPORATION</u> , Case No. _____
Debtor (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | | |
| IRS Centralized Insolvency Op PO Box 21126 Philadelphia PA 19114 | | | | | | | | | Unknown |
| Account No. | | | | | | | | | |
| Nebr. Dept of Revenue PO Box 94818 Lincoln NE 68509-4818 | | | | | | | | | Unknown |
| Account No. | | | | | | | | | |
| Wyoming Dept of Revenue Herschler Bldg, 2nd Fl W Cheyenne WY 82002-0110 | | | | | | | | | Unknown |
| Account No. | | | | | | | | | |
| Kansas Dept of Revenue 915 SW Harrison Street Topeka KS 66699-4000 | | | | | | | | | Unknown |

Sheet no.<u>1</u> of <u>2</u>continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals➤ (Totals of this page) | $ | $ | Unknown

Total➤ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $

Totals➤ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | $

In re  TIERONE CORPORATION_____,    Case No. _____
          Debtor                                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> Iowa Dept of Revenue <br> Hoover State Office Bldg <br> 1305 E Walnut <br> Des Moines IA 50319 | | | | | | | | | Unknown |
| Account No. <br><br><br><br> | | | | | | | | | |
| Account No. <br><br><br><br> | | | | | | | | | |
| Account No. <br><br><br><br> | | | | | | | | | |

Sheet no. 2  of  2 continuation sheets attached to Schedule of Creditors Holding Priority Claims

                                      Subtotals➤<br>(Totals of this page)      $          $          Unknown

Total➤<br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)      $

Totals➤<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)      $      $  Unknown

B 6F (Official Form 6F) (12/07)

In re TIERONE CORPORATION _____ ,            Case No. _____
                    Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| American Stock Transfer & Trust Company, Attn: Accts. Receivable 59 Maiden Lane - Plaza Level New York, NY 10038-4502 | | | | | | | 1,500.00 |
| ACCOUNT NO. | | | | | | | |
| For a complete list of shareholders contact the Depository Trust Corporation | | | | | | | Unknown |
| ACCOUNT NO. | | | | | | | |
| | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| | | | | | | | |

Subtotal▶  $

0   continuation sheets attached

Total▶  $   1,500.00
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

**In re** <u>TIERONE CORPORATION</u> ,       Case No._____
          **Debtor**                                    **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| TierOne Bank<br>1235 N Street<br>Lincoln, NE 68508 | Tax Allocation Agreement for consolidation of tax returns, dated 10/2/2002 betweenTierOne Corporation and TierOne Bank |
| TierOne Bank<br>1235 N Street<br>Lincoln, NE 68508 | Note dated 7/1/2009 from TierOne Bank in the original amount of $1,312,495.66 |
| TierOne Bank<br>1235 N Street<br>Lincoln, NE 68508 | Loan Participation Agreement dated 7/31/2003 between TierOne Bank and TierOne Corporation for funds loaned to Prime Mortgage Corporation |
| NBC Capital Markets Group, Inc.<br>850 Ridge Lake Blvd., Suite 400<br>Memphis, TN 38120<br>Attn: Robert W. McPherson | Jr. Subordination Debenture Agreement with TierOne Capital Trust I and NBC Captial Markets Group, Inc., dated 3/31/2004 |
| Various former or current officers and directors | Various agreements or provisions of the Articles of Incorporation and/or By-Laws that contain provisions or terms regarding indemnification, defense costs and/or hold harmless duties |
| Wilmington Trust Company<br>1100 North Market Street<br>Wilmington, DE 19890-0001 | Floating Rate Junior Subordinated Debt Securities |

In re  TIERONE CORPORATION          ,                    Case No. _____
          **Debtor**                                                    **(if known)**

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|------------------------------|------------------------------|
|                              |                              |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  TIERONE CORPORATION        ,                    Case No. _____
                Debtor                                                           (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of  15  sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____                    Signature: _____
                                                                                                         Debtor

Date _____                    Signature: _____
                                                                                                 (Joint Debtor, if any)

[If joint case, both spouses must sign.]

--------------------------------------------------------------------------------------------------------------------------
**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____                    Social Security No. _____
Printed or Typed Name and Title, if any,                              *(Required by 11 U.S.C. § 110.)*
of Bankruptcy Petition Preparer

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X_____                    _____
Signature of Bankruptcy Petition Preparer                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*
--------------------------------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the  Director  [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the  Corporation  [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of  15  sheets *(Total shown on summary page plus 1)*, and that they are true and correct to the best of my knowledge, information, and belief.

Date      6-23-10

Signature: _____

James A. Laphen
[Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
--------------------------------------------------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B 7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT

In re: TIERONE CORPORATION          ,     Case No. _____

Debtor                                                (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. § 101.

---

1.  **Income from employment or operation of business**

None ☐     State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                              SOURCE

See consolidated internal Income Statement attached.
The 2008 Annual Report is 145 pages and is being turned over to Trustee.
For copies, contact the Trustee's Office.

# TierOne Corporation
## Income Statement
### June 4, 2010

|  | JUNE 4th 2010 | YEAR TO DATE CUMULATIVE 2010 |
|---|---|---|
| **INCOME:** |  |  |
| 30175 Interest Income - TierOne Bank Note | 283.21 | 1,378.92 |
| 31900 Miscellaneous Income | 20,711.82 | 20,711.82 |
| TOTAL INCOME | 20,995.03 | 22,090.74 |
|  |  |  |
| **EXPENSES:** |  |  |
| 41104 Bank Allocated Costs - Salary & Fringe | - | 7,000.00 |
| 41310 Legal Fees | 4,502.50 | 4,502.50 |
| 41680 Bank Allocated Costs - Facilities | - | 3,200.00 |
| 42310 Audit, Accounting and OTS Fees | - | 31,227.00 |
| 42400 Dues and Subscriptions | - | 500.00 |
| 42610 Other Taxes | - | 1,247.00 |
| 42800 Other Operating Expense | 3,882.30 | 19,411.50 |
| 42820 Stock Transfer Fees | 1,500.00 | 7,500.00 |
| 42830 Investor Relations Expense | 1,951.00 | 13,519.00 |
| 42840 NASDAQ Listing Fees | - | 37,500.00 |
| 42870 Annual Report Expense | - | 13,245.33 |
| 42900 Bank Allocated Costs - Other Operating Exp | - | 5,900.00 |
| 44700 Interest on Jr. Subordinated Debt | 86,506.65 | 419,757.09 |
| TOTAL EXPENSES | 98,342.45 | 564,509.42 |
|  |  |  |
| Net Income (Loss) before Equity in the Bank | (77,347.42) | (542,418.68) |
| 65005 Equity in Earnings - TierOne Bank | - | (21,366,441.37) |
| Net Income before Income Taxes | (77,347.42) | (21,908,860.05) |
| 80100 Federal Income Tax (Expense) Benefit | - | - |
| 80110 State Income Tax (Expense) Benefit | - | - |
| Net Income | (77,347.42) | (21,908,860.05) |

**2. Income other than from employment or operation of business**

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                          SOURCE

---

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☑

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None
☐

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)*

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| SEE ATTACHED | | | |

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

# TIERONE CORPORATION
## Payments to Creditors within 90 days
### (3b)

| DATE | PAYEE NAME | PAYEE ADDRESS | AMOUNT |
|------|-----------|---------------|--------|
| 4/14/2010 | Broadridge Investor Communication Solutions | P.O. Box 23487, Newark NJ 07189 | 9,845.33 |
| 4/14/2010 | Wilmington Trust Company | | 1,000.00 |
| 4/14/2010 | CT Corporation | P.O. Box 4349, Carol Stream IA 60197-4349 | 1,192.00 |
| 4/14/2010 | Vintage Filings | Division of PR Newswire<br>150 W 46 St, 6th Floor, New York NY 10036 | 677.00 |
| 4/14/2010 | American Stock Transfer & Trust Company | Attn: Accts Receivable<br>59 Maiden Lane Plaza Level, New York NY 10038-334502 | 1,500.00 |
| 4/27/2010 | Business Wire | Dept. 34182, P. O. Box 39000<br>San Francisco CA 94139 | 420.00 |
| 4/28/2010 | John Hayden | 4835 Hillside Street, Lincoln NE 68506 | 2,000.00 |
| 4/28/2010 | The Depository Trust & Cleaning Corporation | P. O. Box 27590, New York NY 10087 | 25.00 |
| 4/30/2010 | Publication-PCA Dir & Board/Mgmt Changes | | 540.00 |
| 5/6/2010 | Business Wire | | 300.00 |
| 5/6/2010 | Vintage Filings | | 224.00 |
| 5/7/2010 | Vintage Filings | | 224.00 |
| 5/13/2010 | Business Wire | | 300.00 |
| 5/13/2010 | American Stock Transfer & Trust Company | | 1,500.00 |
| 5/17/2010 | Business Wire | | 600.00 |
| 5/20/2010 | Vintage Filings | | 184.00 |
| 6/3/2010 | Vintage Filings | | 119.00 |
| 6/3/2010 | Michael F.Kivett, Esq.<br>Walentine, O'Toole, McQuillan & Gordon | P.O. Box 540125, Omaha NE 68154-0125 | 4,502.50 |

None
☑ c. *All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐ a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| David G. Ray vs. Lundstrom, Falbo, TierOne Corporation, Witkowicz, Hoskins, 8:10CV00199 | Shareholder suit | USDC Nebraska | Filed 5/20/10 |
| Curtis W. Action vs. Laphen, Lundstrom, Falbo, Hoskins, McConnell, Pocras, Baird, McClurg & Strand, 4:10CV03104 | Derivative action | USDC Nebraska | Filed 5/28/10 |

None
☐ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Federal Deposit Insurance Corporation Receiver: TierOne Bank 1601 Bryan Street Dallas TX 75201 | 06/04/2010 | Corporate property and records |

**5. Repossessions, foreclosures and returns**

None
☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

4

**6. Assignments and receiverships**

None

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
☐
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|
| Federal Deposit Insurance Corporation Receiver: TierOne Bank 1601 Bryan Street Dallas TX 75201 | N/A | 06/04/2010 | Corporate property and records |

**7. Gifts**

None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
☑
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Woods & Aitken LLP 301 S 13th Street, Suite 500 Lincoln, NE 68508 | 6/14/2010 | 50,000.00 |

---

**10. Other transfers**

None
☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Russell Brehm Trust, Jeff Erickson,Daryl Hamann LLC - - Information believed to be in the possession of Federal Deposit Insurance Corporation | 06/02/2010 | Sale of Skybox at Memorial Stadium ($650,000 approximate) |

None


b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**



None

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

UNKNOWN

---

**13. Setoffs**



None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14.  Property held for another person**



None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15. Prior address of debtor**

None

If debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

**16. Spouses and Former Spouses**

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☐

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

Unknown

None
☐

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

Unknown

None
☐

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

Unknown

---

**18 . Nature, location and name of business**

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

8

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| TierOne LLC, TierOne Bank, TierOne Capital Trust I | Information is believed to be in possession of Federal Deposit Insurance Corporation | | | |

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                              ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

19. Books, records and financial statements

None ☐ a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                    DATES SERVICES RENDERED
KPMG                                Until resignation in April
233 S 13th Street, Suite 1600       2010
Lincoln, NE 68508

None ☐ b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME               ADDRESS          DATES SERVICES RENDERED
KPMG                                Until resignation in April
233 S 13th Street, Suite 1600       2010
Lincoln, NE 68508

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME
Federal Deposit Insurance Corporation

ADDRESS
Receiver: TierOne Bank, 101 Bryan Street, Dallas TX 75201

Woods & Aitken LLP

301 So 13 St, Ste 500, Lincoln NE 68508

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

NAME AND ADDRESS

DATE ISSUED

Unknown

---

20. Inventories

None ☑    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY    INVENTORY SUPERVISOR

DOLLAR AMOUNT
OF INVENTORY
(Specify cost, market or other basis)

None ☑    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

DATE OF INVENTORY

NAME AND ADDRESSES
OF CUSTODIAN
OF INVENTORY RECORDS

---

21 . Current Partners, Officers, Directors and Shareholders

None ☑    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS    NATURE OF INTEREST    PERCENTAGE OF INTEREST

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS    TITLE

NATURE AND PERCENTAGE
OF STOCK OWNERSHIP

Directors: Charles W. Hoskins, James A. Laphen, Joyce P. Pocras, Campbell R. McConnell
For complete list of shareholders contact Depository Trust Corporation

**22 . Former partners, officers, directors and shareholders**

None ☑    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

     NAME                                ADDRESS                  DATE OF WITHDRAWAL

None ☐    b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

     NAME AND ADDRESS                    TITLE                  DATE OF TERMINATION
     See Attached Partial Information. Additional
     information believed to be in possession of
     Federal Deposit Insurance Corporation

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☑    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

     NAME & ADDRESS                                AMOUNT OF MONEY
     OF RECIPIENT,                DATE AND PURPOSE      OR DESCRIPTION
     RELATIONSHIP TO DEBTOR      OF WITHDRAWAL          AND VALUE OF PROPERTY

---

**24. Tax Consolidation Group.**

None ☐    If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

     NAME OF PARENT CORPORATION      TAXPAYER-IDENTIFICATION NUMBER (EIN)

     TierOne Corporation                 04-3638672

---

**25. Pension Funds.**

None ☑    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

     NAME OF PENSION FUND       TAXPAYER-IDENTIFICATION NUMBER (EIN)

· · · · · ·

### TIERONE CORPORATION
### Statement of Financial Affairs
### Answer to 22 b.

| LAST | ADDRESS | POSITION 1 |
|------|---------|------------|
| BAIRD | SAMUEL P BAIRD<br>9105 PIONEER COURT<br>LINCOLN, NE 68520 | DIRECTOR |
| LUNDSTROM | GILBERT G LUNDSTROM<br>9519 FIRETHORN LANE<br>LINCOLN, NE 68520 | DIRECTOR, CHAIRMAN AND CEO |
| MCCLURG | JAMES E MCCLURG<br>2030 SURFSIDE DRIVE<br>LINCOLN, NE 68528 | DIRECTOR |
| STRAND | JAMES W STRAND<br>2149 STONE CREEK LOOP SO<br>LINCOLN, NE 68512 | DIRECTOR |
| WITKOWICZ | EUGENE B WITKOWICZ<br>6631 PARK CREST DRIVE<br>LINCOLN, NE 68506 | EVP/SECRETARY/TREASURER |
| LAPHEN | JAMES A. LAPHEN<br>1302 S. 181ST PLAZA<br>OMAHA, NE 68130 | PRESIDENT/ACTING CEO AND CHIEF OPERATING OFFICER |
| KLINKMAN | JUDITH A. KLINKMAN<br>6941 LASALLE STREET<br>LINCOLN, NE 68516 | ASSISTANT SECRETARY |
| FALBO | MICHAEL J. FALBO<br>N65W28587 FAIRLANE DRIVE<br>HARTLAND, WI 53029 | DIRECTOR, CHAIRMAN AND CEO |

11

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____    Signature of Debtor _____

Date _____    Signature of Joint Debtor (if any) _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date   6-23-10    Signature _____

Print Name and Title   James A. Laphen, Director

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

___ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

Address

Signature of Bankruptcy Petition Preparer          Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*